In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-2697

LUIS F. PADILLA,

*Petitioner-Appellant,*

*v.*

ALBERTO R. GONZALES and
DEBORAH ACHIM,

*Respondents-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 1716—**Samuel Der-Yeghiayan**, *Judge.*

Converted to a Petition for Review from an Order of
the Board of Immigration Appeals.
No. A41-123-489

ARGUED APRIL 11, 2006—DECIDED DECEMBER 7, 2006

Before FLAUM, WILLIAMS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* The Board of Immigration
Appeals ("BIA") ordered Luis Padilla removed to his
native Mexico because he committed two crimes of moral
turpitude. Padilla petitioned this court for review of the
BIA's removal order and we dismissed his petition, leaving
the removal order intact. Before federal immigration
authorities got around to removing him, Padilla persuaded

an Illinois court to vacate the two convictions that supplied the basis for his removal. Rather than asking the BIA to reopen his case in light of his vacated convictions, Padilla petitioned a federal district court for a writ of habeas corpus. He asked the district court to find him admissible to the United States and to order the Department of Homeland Security to terminate its removal proceedings against him. The district court denied Padilla's habeas petition, and Padilla took this appeal. Under the REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231, we construe Padilla's habeas appeal as a petition for review and conclude we lack jurisdiction to consider its merits because Padilla did not exhaust his administrative remedies. We therefore dismiss the petition.

## I.  Background

Padilla became a lawful permanent resident of the United States in 1986. In 1989 he pleaded guilty to an Illinois charge of criminal sexual abuse. 720 ILL. COMP. STAT. 5/12-15. Two years later he pleaded guilty to obstruction of justice. 720 ILL. COMP. STAT. 5/31-4. At some point Padilla left the United States, then attempted reentry on May 7, 2000. Upon his return to the United States, federal immigration authorities placed Padilla into removal proceedings because of his criminal record. Those administrative proceedings concluded on February 27, 2004, when the BIA found Padilla had committed two crimes involving moral turpitude—criminal sexual abuse and obstruction of justice—and ordered his removal to Mexico. *See* 8 U.S.C. § 1182(a)(2)(A) (alien who commits a crime of moral turpitude is inadmissible). Padilla petitioned this court for review of the BIA's removal order. In an opinion dated February 22, 2005, we dismissed his petition and the removal order remained in effect. *Padilla v. Gonzales*, 397 F.3d 1016, 1021 (7th Cir. 2005) (agreeing with BIA's

determination that obstruction of justice under Illinois law is a crime of moral turpitude, and foreclosing Padilla's efforts to rely on § 1182(a)(2)(A)(ii)'s so-called "petty offense" exception for aliens who have committed only one crime of moral turpitude).

The Department of Homeland Security told Padilla to report for removal to Mexico on May 10, 2005. Padilla then moved the Illinois state court to withdraw the guilty pleas that led to his 1989 sexual abuse conviction and his 1991 obstruction of justice conviction. His motion also asked the state court to vacate and set aside those two convictions. Padilla argued that his pleas were invalid in light of a new Illinois law that went into effect on January 1, 2004. The new law provides, in relevant part:

> Before the acceptance of a plea of guilty[,] . . . the court shall give the following advisement to the defendant in open court:
>
>> "If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization under the laws of the United States."

725 ILL. COMP. STAT. 5/113-8. The state court granted Padilla's motions on the same day he filed them, March 11, 2005. The court's order—which was handwritten by Padilla's counsel—permitted Padilla to withdraw his guilty pleas and vacated his sexual abuse and obstruction of justice convictions. The order does not explain why the state judge thought a law that became effective in January 2004 provided grounds to vacate judgments of conviction entered in 1989 and 1991.

On the basis of his newly vacated convictions, Padilla petitioned the district court for the Northern District of Illinois for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241. He asked the district court to declare him admissible to the United States and to order the Department of Homeland Security to cease its efforts to remove him. As Padilla's May 10 removal date approached, the district court held several hearings on his habeas petition. At an April 28 hearing the court and parties discussed the necessity of asking the BIA to reopen Padilla's case to consider the vacation of his convictions:

> THE COURT: Are you contemplating on going before the immigration court or the BIA? I think BIA made the final administrative decision in this case to see if they would vacate or reconsider their decision based on the new developments.

> [PADILLA'S COUNSEL]: It would be necessary to go before the Board of Immigration Appeals, your Honor.

> THE COURT: In the first instance?

> [PADILLA'S COUNSEL]: Yes.

> THE COURT: And then if they decide to reconsider or reopen, then they would send it to the immigration court?

> [PADILLA'S COUNSEL]: Correct.

> THE COURT: [Government's counsel], would that be your understanding also?

> [GOVERNMENT'S COUNSEL]: Yes, your honor. On the circumstances of this case, yes; that's correct.

> . . . .

> THE COURT: The proper authorities, really, on an issue like this should be the immigration court and the Board of Immigration Appeals because they're the ones who entered the removal order and they're the only ones who could vacate the removal order or reopen.

The court and parties agreed that Padilla would pre-
pare a motion asking the BIA to reopen his case. Although
Padilla's ninety-day period for filing a motion to reopen
had long since expired, if the government joined in his
motion, he could file it beyond the ninety days.[1] The
government said it would decide whether to join Padilla's
motion before his May 10 removal date. The parties
reconvened before the district court on May 9. Padilla's
counsel had prepared the motion as agreed, but the
government had still not decided whether to join in it. At
a 9 a.m. hearing the next morning, three hours before
Padilla was to report for removal to Mexico, the govern-
ment informed the district court and Padilla's counsel
that it would not join in his motion to reopen. Counsel for
the government said Padilla could ask the BIA to exercise
its authority to reopen his case sua sponte at any time.[2]
Padilla's counsel responded, "[T]he only problem is that
even if there were such a provision—and I believe that
there is—the other problem for Mr. Padilla is that he
has a 12:00 o'clock surrender time." Padilla never filed
any motion asking the BIA to reopen his case to consider
the effect of his vacated convictions on the order of re-
moval.

The district court found that the BIA's removal order
remained valid despite the recent state court order vacat-
ing Padilla's convictions. Accordingly, the court denied
Padilla's habeas petition and motion to stay his removal.

---

[1]  8 C.F.R. § 1003.2(c)(2) and (3)(iii) (alien must file motion to
reopen within ninety days of the final administrative decision,
but the ninety-day limitation is waived if all parties join in the
motion).

[2]  8 C.F.R. § 1003.2(a) ("The Board may at any time reopen or
reconsider on its own motion any case in which it has rendered
a decision.").

After listening to further argument at a hearing the next day, the court denied Padilla's motion to reconsider.

The same day the district court denied Padilla's motion to reconsider—May 11, 2005—President Bush signed into law the REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231.[3] Padilla filed his notice of appeal on June 9. At some point on or after May 10, the Department of Homeland Security removed Padilla to Mexico.

## II.  Discussion

### A.  Construing the appeal

The jurisdictional adjustments contained in the REAL ID Act apply retroactively to Padilla's case; they apply "to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment of this division." Pub. L. No. 109-13, 119 Stat. 231, 311 Div. B, Title I, § 106(b). The REAL ID Act further instructs district courts that any pending habeas petitions (28 U.S.C. § 2241) challenging final orders of removal must be transferred to the courts of appeals and treated as petitions for review. *Id.* at § 106(c).

Congress did not specify how to treat habeas petitions that were already pending on appeal when the REAL ID Act was enacted on May 11, 2005. However, we have joined several other circuits in concluding these habeas claims should also be treated as petitions for review because Congress clearly intended the courts of appeals to be the one judicial forum for hearing challenges to administra-

---

[3] With inapplicable exceptions, the REAL ID Act stripped the district courts of jurisdiction to review removal orders, specifically including their jurisdiction to review habeas challenges to removal orders under 28 U.S.C. § 2241. 8 U.S.C. § 1252(a)(5).

tive removal orders. *Gonzales-Gomez v. Achim*, 441 F.3d 532, 533 (7th Cir. 2006); *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2006); *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1053 (9th Cir. 2005); *Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005). So whether Padilla's habeas petition was currently pending before the district court or was already on appeal to this court when the REAL ID Act went into effect, we construe this appeal as a petition for review of the BIA's removal order. The REAL ID Act retroactively deprived the district court of jurisdiction to decide Padilla's claims and nullifies its ruling on the habeas petition. *See Bonhometre*, 414 F.3d at 446.

## B.  Jurisdiction over the petition for review

When a petition for review challenges a final order of removal, we have jurisdiction only when "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). The government contends Padilla did not exhaust his administrative remedies with respect to the issues raised on this appeal because he never asked the BIA to reopen his case to consider his vacated convictions. Padilla responds that reopening is not available "as of right" because reopening lies within the BIA's discretion, so § 1252(d)(1) does not apply.

The statute does not define the phrase "as of right," but the touchstone is whether the BIA has the authority and the ability to grant meaningful relief. *See Bonhometre*, 414 F.3d at 447 ("[A] claim is 'available as of right' if, at the very least, (1) the alien's claim was within the jurisdiction of the BIA to consider and implicated agency expertise, and (2) the agency was capable of granting the remedy sought by the alien.") (footnotes omitted); *Sewak v. INS*, 900 F.2d 667, 670 (3d Cir. 1990) (exhaustion of

administrative remedies is not required on a due process claim because the BIA lacks jurisdiction to adjudicate constitutional issues). The principle underlying this policy is that courts should not address an immigration issue until the appropriate administrative authority has had the opportunity to apply its specialized knowledge and experience to the matter. *See generally Gonzales v. Thomas*, 126 S. Ct. 1613, 1615 (2006) ("'The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides.'") (quoting *INS v. Ventura*, 537 U.S. 12, 17 (2002) (per curiam)). Here, the BIA had the authority to reopen Padilla's case sua sponte "at any time," and had the ability to grant relief if it concluded his newly vacated convictions rendered the removal order invalid. *See* 8 C.F.R. § 1003.2(a). Section 1252(d)(1) applies, so Padilla was required to give the BIA an opportunity to address his arguments before presenting them to this court.

Padilla is unable to cite a single case in which a court of appeals asserted jurisdiction over issues that were never presented to the BIA. He relies most heavily on *Panjwani v. Gonzales*, 401 F.3d 626 (5th Cir. 2005), for its statement that filing a motion to reopen cannot be characterized as a remedy available "as of right" because the BIA has broad discretion whether to grant or deny such motions. *Id.* at 631 (citing *Goonsuwan v. Ashcroft*, 252 F.3d 383, 386 (5th Cir. 2001)). But in *Panjwani* the alien actually filed a motion—albeit an untimely one—asking the BIA to reopen his case. The Fifth Circuit held only that it had "jurisdiction over the BIA's denial of an untimely motion to reopen deportation proceedings *in instances where the petitioner files such a motion.*" *Panjwani*, 401 F.3d at 632 (emphasis added). Unlike the petitioning alien in *Panjwani*, Padilla

never gave the BIA any opportunity to consider his arguments about the effect of his vacated convictions.

*Goonsuwan*, cited in *Panjwani*, does not help Padilla either. After the BIA ordered Goonsuwan removed from the United States because of his criminal activities, he petitioned for a writ of habeas corpus in the district court. *Goonsuwan*, 252 F.3d at 384-85. The district court issued the writ, but the Fifth Circuit reversed because the district court lacked jurisdiction to consider Goonsuwan's arguments when he had not first presented them to the BIA. *Id.* at 386 ("[W]hile generally a motion to reopen is not required to exhaust administrative remedies[,] . . . Goonsuwan's failure to raise his ineffective assistance of counsel claim before the BIA deprived the district court of jurisdiction to consider the issue.").

By saying motions to reopen are not generally required, the Fifth Circuit meant only that in the typical case an alien will first present his arguments to the BIA, and if the BIA orders his removal after considering those arguments, the alien need not ask the BIA to reconsider its decision before he may petition a court for review. *Goonsuwan*, 252 F.3d at 388 ("The appropriate inquiry is not whether [the alien] filed a motion to reopen, but rather whether he presented to the BIA the issue . . . raised in his habeas petition, thus exhausting his administrative remedies *as to that issue*.") (emphasis in original).

The material point here is that the BIA's original removal order was reviewed and affirmed by this court and Padilla never presented the new issue of his vacated convictions to the BIA. Because the BIA has never been asked to determine the effect of the state court's order on Padilla's order of removal, there is no agency decision on this issue for us to review. Because the BIA could have reopened his case at any time and amended or rescinded its removal order, Padilla did not exhaust his administra-

tive remedies, and we lack jurisdiction to consider his arguments. *Goonsuwan*, 252 F.3d at 388. *See also Panjwani*, 401 F.3d at 632; *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001) (alien failed to exhaust administrative remedies where, even though he filed an untimely motion to reopen, he did not specifically ask the BIA to exercise its authority to reopen his case sua sponte); *Luis v. INS*, 196 F.3d 36, 40 (1st Cir. 1999) (same).[4]

In light of the provisions of the REAL ID Act, we consider the district court's habeas ruling a nullity and construe Padilla's habeas appeal as a petition for review. We lack jurisdiction to consider Padilla's argument about the effect of the state court's vacatur order because he never presented it to the BIA. Accordingly, the petition for review is DISMISSED.

A true Copy:

       Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

---

[4] The only other case Padilla cites on the exhaustion issue, *Sewak v. INS*, 900 F.2d 667 (3d Cir. 1990), is inapplicable because it dealt with an alien who, unlike Padilla, raised his arguments with the BIA before petitioning the court for review. *Id*. at 670 ("Sewak raised before the BIA, and the BIA considered, the same issues he raises in his petition for review in this court.").