

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2007

# Joseph v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3260

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Joseph v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1017.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1017

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3260
_____

YVEL JOSEPH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

Converted to a Petition for Review of a
Final Order of the Immigration Judge
Pursuant to the Real ID Act of 2005
(File No. A26-029-544)
Immigration Judge:  Honorable Charles M. Honeyman
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 25, 2007

Before:  CHAGARES, HARDIMAN and TASHIMA,* *Circuit Judges*.

(Filed: June 1, 2007 )
_____

OPINION OF THE COURT
_____

_____

* The Honorable A. Wallace Tashima, Senior Circuit Judge for the United States
Court of Appeals for the Ninth Circuit, sitting by designation.

HARDIMAN, *Circuit Judge*.

Yvel Joseph filed a *pro se* petition for writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania, alleging that the Immigration Judge (IJ) erred in denying his motion to reopen a seventeen year-old proceeding that resulted in an order of exclusion and deportation against him. Pursuant to the Real ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106(c), 119 Stat. 231, 311 (2005), the District Court transferred the petition to this Court, and we will treat it as a timely-filed petition for review. *See* 8 U.S.C. § 1252(a)(5); *Silva-Rengifo v. Attorney General*, 473 F.3d 58, 62 (3d Cir. 2007). The Government argues that the petition for review should be dismissed because Joseph failed to exhaust his administrative remedies. We agree.

I.

Joseph, a native and citizen of Haiti, entered the United States on April 6, 1983, but was denied admission because he did not possess a valid visa or other entry document. By stipulation, his exclusion proceedings were continued to allow him to file an application for political asylum.

Three years later, on March 6, 1987, the Office of the IJ in Philadelphia sent Joseph a "Notice of Rescheduled Individual Calendar Hearing in Immigration Proceedings," which stated that his exclusion hearing was rescheduled for April 7, 1987. According to Joseph, he never received the notice.

2

When Joseph did not appear for the hearing on April 7, 1987, the IJ found that Joseph had no cause for failing to appear, dismissed his application for asylum for failure to prosecute, and ordered that he be "excluded and deported from the United States."[1] On May 28, 1987, the Immigration and Naturalization Service (INS) enforced the IJ's Order in a "Notice to Alien Ordered Excluded by Immigration Judge," which stated that Joseph was to report to the United States Courthouse in Philadelphia on June 17, 1987 for deportation. The INS sent this notice to the same address that the Office of the IJ had sent the hearing notice, and Joseph again claims that he never received it.

After Joseph submitted to the INS an Application for Employment Authorization in November 1992, on April 26, 1993, the INS sent Joseph via certified mail with return receipt requested a notice that he report for deportation on June 21, 1993. Other than stating that "[t]he record appears not to include any signed return receipt," Joseph does not claim that he did not receive this Notice. Joseph neither reported for deportation on the date specified nor filed a motion to reopen his *in absentia* exclusion proceedings.

Another ten years later, on August 22, 2003, the INS issued a Warrant of Removal/Deportation, which stated that Joseph "is subject to removal/deportation from the United States, based upon a final order by [an IJ] in exclusion, deportation, or removal proceedings." Joseph was taken into custody on February 6, 2004. After his arrest,

_____

[1] On April 1, 1997, removal proceedings replaced exclusion proceedings as the sole and exclusive procedure for determining whether an alien may be admitted or excluded/removed, with one exception not applicable here. *See* 8 U.S.C. § 1229a(a)(3).

Joseph learned – according to him for the first time – that he had been ordered excluded and deported *in absentia* on April 7, 1987 for failing to attend the scheduled hearing without just cause.

While in custody, Joseph filed four documents *pro se*: (1) a motion requesting asylum to the Office of the IJ on March 22, 2004; (2) a motion to reopen deportation/removal proceedings and to reconsider denial of application for asylum to the Office of the IJ on June 17, 2004; (3) a petition for emergency stay of deportation to the District Court on July 7, 2004; and (4) an emergency petition for writ of habeas corpus to the District Court on September 27, 2004. All four documents contain basically the same ground for relief, namely, that he never received notice of the April 7, 1987 hearing prior to the IJ's order to exclude and deport, which constitutes a violation of due process.

On October 1, 2004, the IJ denied Joseph's consolidated motions requesting asylum and to reopen, finding that Joseph had notice of the April 7, 1987 exclusion hearing and that he failed to present *prima facie* evidence to support granting asylum to him. The IJ's order was attached to a cover letter stating that the order "is final unless an appeal is filed with the Board of Immigration Appeals [BIA] within 30 calendar days of the date of the mailing of this written decision." Joseph did not file an appeal with the

4

BIA.[2] On November 29, 2004, the Government removed Joseph to Haiti, although it did not file a Notice of Removal until December 30, 2004.

On December 21, 2004, the District Court entered an order enjoining the removal of Joseph during the pendency of the proceedings in spite of the fact that Joseph had already been removed to Haiti. The District Court found the IJ's decision denying Joseph's motion to reopen "conclusory" and decided to schedule an evidentiary hearing to determine whether he had received actual notice of the April 7, 1987 hearing.[3]

Before the District Court could adjudicate the merits of Joseph's habeas petition, on May 11, 2005, the Real ID Act became effective, thus divesting the District Court of jurisdiction over the petition, which the District Court properly transferred to this Court on June 17, 2005.[4]

---

[2] Indeed, Joseph's own brief titles the instant appeal as "on petition for review from the order entered in the Immigration Court, Department of Justice, on October 1, 2004" (capitalization altered).

[3] It is unclear why the District Court did not hold that Joseph had failed to exhaust his administrative remedies, especially when the Government raised the argument in its brief in response to the habeas petition. The law of this Circuit was clear even before passage of the Real ID Act that the statutory exhaustion requirement "do[es] indeed apply to petitions for habeas corpus." *Duvall v. Elwood*, 336 F.3d 228, 231 n.5 (3d Cir. 2003).

[4] The District Court had previously on July 8, 2004 denied Joseph's petition for emergency stay. The order denying that petition contains an inaccurate averment made by Joseph that "his motion to reopen his original deportation proceedings is pending before the Board of Immigration Appeals." The record evidence incontrovertibly demonstrates that as of July 8, 2004, Joseph's motion to reopen was pending before the IJ, not the BIA. In fact, to date the BIA has not adjudicated Joseph's claim.

5

II.

We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). This statutory exhaustion requirement is jurisdictional, *Popal v. Gonzales*, 416 F.3d 249, 252 (3d Cir. 2005), and generally includes the filing of an appeal of a final order of removal or exclusion to the BIA. *Yi v. Maugans*, 24 F.3d 500, 503-04 (3d Cir. 1994); *see also Medellin-Reyes v. Gonzales*, 435 F.3d 721, 723 (7th Cir. 2006) (per curiam) ("Nothing in the Real ID Act or [§ 1252] authorizes courts of appeals to review immigration judges' decisions.").

A remedy from the BIA is "'available as of right' if, at the very least, (1) the alien's claim was within the jurisdiction of the BIA to consider and implicated agency expertise, and (2) the agency was capable of granting the remedy sought by the alien." *Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir. 2005). In *Bejar v. Ashcroft*, 324 F.3d 127 (3d Cir. 2003), we reaffirmed our holding that the failure to file a timely appeal to the BIA of an IJ's decision denying an alien's motion to reopen constitutes a failure to exhaust. *Id.* at 132 (citing *Bak v. INS*, 682 F.2d 441, 442-43 (3d Cir. 1982) (per curiam)).

In the instant case, Joseph's claim hinges entirely on a review of the IJ's factual determination, *viz.*, whether Joseph received notice of his April 7, 1987 exclusion hearing. The BIA is in a particularly appropriate position to review the factual record before we do. *See Bonhometre*, 414 F.3d at 448; *see also Padilla v. Gonzales*, 470 F.3d

6

1209, 1213 (7th Cir. 2006) (citing *Gonzales v. Thomas*, 547 U.S. 183, ----, 126 S. Ct. 1613, 1615 (2006) (per curiam)). There is also no question that the BIA is capable of granting the remedy Joseph seeks, *viz.*, reopening his exclusion proceedings, including remanding for a new hearing before the IJ. *See Bonhometre*, 414 F.3d at 448. But Joseph did not file an appeal to the BIA of the IJ's order denying his motion to reopen. Accordingly, the BIA has never had the opportunity to review whether Joseph did receive notice of his April 7, 1987 hearing. Joseph does not address the exhaustion issue at all, let alone provide a justification attempting to excuse his failure to exhaust.

The fact that the instant petition for review was "converted" from a habeas petition does not alter our conclusion. As we have already observed, *see* note 3, *supra*, even before passage of the Real ID Act, the statutory exhaustion requirement applied to habeas petitions seeking review of orders of removal or of exclusion. *Duvall*, 336 F.3d at 231 n.5. Because the Real ID Act converts all such habeas petitions into petitions for review under 8 U.S.C. § 1252(a)(5), the exhaustion requirement contained in § 1252(d)(1) applies all the more unambiguously. We therefore have no jurisdiction over Joseph's petition for review and it must be dismissed.