NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 10, 2007
Decided July 25, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

No. 06-3336

| | |
|---|---|
| OUSSEYNOU LO, <br> *Petitioner*, | Petition for Review of an Order of the <br> Board of Immigration Appeals |
| *v.* | No. A78-867-019 |
| ALBERTO R. GONZALES, <br> *Respondent*. | |

**ORDER**

Ousseynou Lo, a citizen and native of Senegal, married a United States citizen after he was placed in removal proceedings for noncompliance with the conditions of his student visa. Lo requested continuances three times to show that his marriage was bona fide; an immigration judge ("IJ") granted the first two requests but denied the third. Lo appealed to the Board of Immigration Appeals ("BIA") and attached to his brief additional documents to show that his marriage was not fraudulent. The BIA adopted and affirmed the IJ's decision, and then added that it would not consider Lo's new evidence on appeal. Lo retained a new attorney, who now argues that Lo's first lawyer provided constitutionally ineffective assistance. We dismiss the petition for lack of jurisdiction.

Shortly after arriving in the United States on a nonimmigrant visitor's visa, Lo obtained a nonimmigrant student visa so that he could attend the Zoni Language Center in New York. When Lo stopped attending the school, however, the government charged him with removability under 8 U.S.C. § 1227(a)(1)(C)(I). Lo appeared at four removal hearings. The first was continued to allow him time to obtain counsel. At his second hearing, held on February 15, 2005, Lo appeared with counsel, Michelle Neal, who asked for a continuance because she claimed to have just received Lo's recent marriage certificate from Senegal. She believed that the marriage—to a United States citizen named Brenda Brooks—may have provided a basis for Lo to apply to adjust his status.[1] The IJ granted the request and scheduled a third hearing for March 1, 2007. At the third hearing Lo, through Neal, conceded removability but announced that he intended to apply for adjustment of status based on his marriage. Lo indicated that his wife had filed a visa petition on his behalf on February 22, 2005, but it had not yet been approved. Neal requested another continuance to file an application for adjustment of status and to produce evidence that the marriage was bona fide.

The IJ granted the request and continued the proceedings until June 7, 2005. The IJ advised Neal that the application, "with a copy for the Court[,] must be filed by May 22nd, 2005." Otherwise, the IJ stated, the request would be deemed abandoned. The IJ also advised counsel to include evidence that the marriage was bona fide.

At the June 7 hearing, the IJ observed that although he had asked for the application for adjustment of status to be filed with the court by May 22, he had not received anything. Neal explained that she had mailed Lo's application for adjustment of status to the United States Citizenship and Immigration Services on May 22, 2005. The IJ reminded Neal that he had directed her to file the application with the court by May 22. Neal apparently thought that the file would be transferred to the IJ, but the IJ responded that he wanted a copy of the application for himself by May 22.

Neal nevertheless offered the application and supporting documents into evidence. Those documents include a copy of a letter from the Field Museum in

---

[1] The marriage certificate is among the documents submitted along with Lo's brief on appeal to the BIA. How counsel could have had the marriage certificate at the hearing on February 15, 2005, is unclear given that certificate itself reflects that the parties were not married until February 20, 2005, and that the certificate was not issued until two days later. The wedding photographs also complicate the chronology because they date the wedding ceremony as February 5, 2005. Moreover, no one explains how or why Lo, who was released from administrative detention on bond, was permitted to travel to Senegal to get married in February in the midst of his removal proceedings.

Chicago, Illinois, addressed to "Ousseynou Lo & Brenda Brooks-Lo," a copy of a letter addressed solely to "Ousseynou Lo" regarding his credit card with Providian National Bank, copies of email messages purportedly responding to a wedding announcement for Lo and Brenda Brooks, copies of photographs appearing to be from their wedding ceremony, and a copy of a federal income tax return filed by Brenda Brooks for 2004. Neal also produced a copy of a credit card and bank statement, which were both in Brooks's name only. The government argued that none of the documents showed the kind of commingling or cohabitation that typically accompany a bona fide marriage, which prompted Neal to seek another continuance to submit more evidence that the marriage was bona fide. The IJ denied her request.

The IJ ordered Lo removed to Senegal, reasoning that the application for adjustment of status had not been timely filed. Even considering the late-submitted documents, the IJ continued, there was no clear and convincing evidence that the marriage was bona fide. And given that lack of evidence, the IJ declined to continue the case for adjudication of the pending visa petition.

Through Neal, Lo appealed the denial of his request for a continuance to the BIA. In his brief Lo argued that the IJ abused his discretion in refusing to grant a continuance under the standards of *In re Velarde-Pacheco*, 23 I. & N. Dec. 253, 256-57 (BIA 2002), given that Lo had to wait for evidence from Senegal and for copies of his business records to arrive. He also argued that the IJ erred in preventing his wife from testifying that the marriage was bona fide, though the record does not indicate that Neal asked to present such testimony. Lo attached to his brief 75 pages of new documents and affidavits from family, friends, and others, intended to show that the marriage was not fraudulent.

Finding no abuse of discretion, the BIA adopted and affirmed the IJ's decision. The BIA wrote that Lo's "speculative future eligibility for adjustment of status fails to establish good cause for a continuance of his removal proceedings, where he failed to comply with the deadline set by the judge for submitting his application for adjustment of status and supporting documents." The BIA also refused to consider the new documents attached to Lo's brief because, it stated, it was limited to reviewing the record created before the IJ. The BIA observed that Lo had not shown that the information submitted with his brief was unavailable at the time of his hearing.

Lo retained new counsel and filed his petition for review in this court on August 30, 2006. Four months later his new counsel also filed with the BIA a motion to reopen the case on the basis of ineffective assistance of previous counsel. Following the procedures outlined in *In re Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), counsel attached to his motion to reopen an affidavit and formal complaint of ineffectiveness.

But the motion to reopen itself is neither in the record on appeal nor attached to Lo's brief.

According to the Attorney General's brief, the BIA denied Lo's motion to reopen on January 26, 2007, while this appeal was pending. At oral argument, Lo's new counsel said that he has still not received a copy of the BIA's decision.

Lo's sole argument on appeal is that he was denied the effective assistance of counsel because his previous attorney failed to timely file his application for adjustment of status and failed to present sufficient materials to demonstrate that his marriage was bona fide. He concedes that he first raised this issue in his motion to reopen. The Attorney General responds that Lo failed to exhaust his administrative remedies by not allowing the BIA to consider this issue before petitioning this court for review. Under 8 U.S.C. § 1252(d)(1), the Attorney Generally points out, aliens must exhaust all remedies available "as of right." But Lo counters that he was not required to exhaust because the BIA's decision to reopen is discretionary, and therefore not available "as of right."

This court already considered and rejected Lo's argument in *Padilla v. Gonzales*, 470 F.3d 1209 (7th Cir. 2006). In *Padilla*, the petitioner was ordered removed for having been convicted of two crimes of moral turpitude. *Id*. at 1211. After an Illinois state court vacated the two convictions, he sought relief from removal by filing a writ of habeas corpus in federal court rather than a motion to reopen with the BIA. *Id*. Padilla argued—as Lo does here—that reopening is not required because the grant of a motion to reopen is not available from the BIA "as of right." *Id*. at 1213. In rejecting Padilla's argument, this court held that he should have given the BIA an opportunity to consider the effect of the vacated convictions. *Id*. at 1214. As a result, this court dismissed the petition for lack of jurisdiction, holding that Padilla failed to exhaust his administrative remedies by not first litigating a motion to reopen his case. *Id*. at 1215; *see also Goonsuwan v. Ashcroft*, 252 F.3d 383, 385-86 (5th Cir. 2001) (holding that petitioner under order of removal failed to exhaust administrative remedies by not presenting claim of ineffective assistance of counsel to BIA).

Like Padilla, Lo is required to demonstrate that he exhausted his claim for ineffective assistance of counsel. This is true even though the right to effective counsel in immigration proceedings arises under the Fifth Amendment's Due Process Clause rather than the Sixth Amendment, *see Castanada-Suarez v. I.N.S.*, 993 F.2d 142, 144-45 (7th Cir. 1993); *Stroe v. I.N.S.*, 256 F.3d 498, 500 (7th Cir. 2001). Although due-process claims are generally exempt from the exhaustion requirement (because the BIA abstains from adjudicating constitutional issues), there are substantial prudential considerations that nevertheless constrain this court from exercising jurisdiction over such claims in the first instance. *See Castanada-Suarez*, 993 F.3d at 144. First,

because it was within the BIA's power to grant Lo relief for his due-process claim by simply reopening his case, he is not exempted from exhaustion. *Pjetri v. Gonzales*, 468 F.3d 478, 481 (7th Cir. 2006); *Feto v. Gonzales*, 433 F.3d 907, 912 (7th Cir. 2006). Second, even though Lo—unlike Padilla—did file a motion to reopen his case, neither the motion, nor the documents that support it, are part of the record in this appeal. *See Mungongo v. Gonzales*, 479 F.3d 531, 534 (7th Cir. 2007) (stating that "the proper mechanism by which a movant may request to submit new evidence" is a motion to reopen); *Reyes-Hernandez v. I.N.S.*, 89 F.3d 490, 494 (7th Cir. 1996) (explaining that without the appropriate motion, the BIA does not consider new evidence on appeal). Consequently this court cannot evaluate if Lo's motion properly exhausted his claim.

Most importantly, although the parties agree that the BIA has denied Lo's motion to reopen (and counsel for the Attorney General informed us at oral argument that the BIA denied Lo's motion as untimely), that decision is not in the record either (nor, for that matter, has Lo timely appealed that decision). Thus, as in *Padilla*, "there is no agency decision on this issue for [the court] to review." 470 F.3d at 1214. As a result, this court does not have the "the benefit of the agency's expertise" on Lo's claim of ineffectiveness—a principal purpose of exhaustion. *See Castanada-Suarez*, 993 F.3d at 145. Without an agency decision on this issue to review, this court lacks jurisdiction to address Lo's sole argument that he was denied effective assistance of counsel. *See id.*; *Pjetri*, 468 F.3d at 481 (explaining that court lacks jurisdiction to consider arguments not exhausted before BIA); *Awad v. Ashcroft*, 328 F.3d 336, 340 (7th Cir. 2003) ("The exhaustion requirement is jurisdictional.").[2]

This petition is **DISMISSED** for lack of jurisdiction.

---

[2]    Although *Korsunskiy v. Gonzales*, 461 F.3d 847, 849 (7th Cir. 2006), states that failure to exhaust administrative remedies is technically not jurisdictional, *Korsunskiy* does not overrule previous cases, including *Awad* and those cited in *Pjetri,* holding that exhaustion of remedies is jurisdictional. In any event, the outcome is the same: Lo is entitled to no relief.