NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued October 16, 2008
Decided November 12, 2008

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-2321

| | |
|---|---|
| RAMESHBHAI KANTILAL PATEL, | Petition for Review of an Order |
| *Petitioner*, | of the Board of Immigration Appeals |
| | |
| *v.* | No. A96-453-427 |
| | |
| MICHAEL B. MUKASEY, | |
| Attorney General of the United States, | |
| *Respondent.* | |

**O R D E R**

Rameshbhai Patel, an Indian national, sought cancellation of removal because, he argues, his removal would result in exceptional and extremely unusual hardship to his American citizen daughter.  *See* 8 U.S.C. § 1229b(b)(1).  The Immigration Judge and the Board of Immigration Appeals denied his request because he failed to establish eligibility for cancellation.  Patel moved to reopen his case based on changed circumstances, and the Board rejected that request.  He now petitions this court for review.  Because we lack jurisdiction to hear Patel's nonfrivolous arguments, we deny the petition for review.

Patel entered the United States in 1993 without inspection. He claims he arrived in or before February 1993. The government alleges that Patel entered the country on May 1, 1993. In March 2003, the government served Patel with a notice to appear and began removal proceedings, alleging that Patel was admitted as an imposter, that he did not possess a valid visa, and that he was employed for wages without authorization. Patel admitted the charges against him and applied for cancellation of removal because, he claimed, removal would impose an exceptional and extremely unusual hardship to his daughter Final, who was born in 1999.[1]

At the hearing on his application for cancellation of removal, an interpreter was provided, but Patel testified in English. Patel admitted that he was smuggled into the United States and that he paid to smuggle his other daughter, Rippalben, into the United States as well. Patel also testified that his removal would create a hardship for Final because, chiefly, he would not take Final to India and she suffered from dental problems that could not be adequately treated there.

The immigration judge rejected Patel's application for cancellation of removal. The judge found that Patel did not meet any of the statutory prerequisites for cancellation of removal. He did not establish good moral character because, the IJ said, Patel entered the country illegally, smuggled family members into the country, and had been convicted of selling alcohol to a minor. The IJ also discredited Patel's testimony that he had been in the United States continuously for 10 years and found that any hardship imposed on Final by Patel's removal would not be extreme. The IJ also denied Patel's request for voluntary departure as a matter of discretion.

Patel appealed to the Board of Immigration Appeals, arguing only that the IJ erred in finding that he did not show good moral character, that the IJ abused his discretion in finding that there would not be an extreme hardship to Final if Patel was removed, that the IJ's credibility determinations were flawed, and that the IJ erred in denying Patel voluntary departure. On April 11, 2007, BIA dismissed Patel's appeal in a single-member decision, determining that Patel had not established that his removal

---

[1] Patel argues that he is eligible for cancellation and may be granted lawful permanent resident status because, he claims, he has been in the United States continuously for more than 10 years, he is a person of good moral character, and his daughter's dental problems and unwillingness to accompany him to India would work a hardship on her if he is removed. *See* 8 U.S.C. § 1229(b)(1).

would work an exceptional and extremely unusual hardship on Final, that the record supported the IJ's finding that Patel had not shown "good moral character," and that the IJ did not abuse his discretion by denying Patel's request for voluntary departure. The BIA also noted that Patel did not challenge the IJ's finding that he had not shown 10 years continuous physical presence in the United States.

Patel next, on April 23, 2007, filed a motion to reopen with the BIA. Patel argued that after his hearing his parents had become lawful permanent residents of the United States, that he was their sole caretaker, and that his removal would create an unusual hardship for them. On May 8, 2007, a single member of the BIA (not the BIA member who disposed of the original appeal) denied the motion to reopen on the ground that Patel had not offered any new evidence of good moral character, and thus he still would not qualify for cancellation of removal. Patel petitioned this court for review on June 7, 2007.

Patel raises what he styles as 13 separate arguments on appeal. However, we lack jurisdiction over nearly all of them. Most of Patel's arguments challenge the denial of his request for cancellation of removal, but that denial is not before us because Patel's June 7, 2007, petition came more than 30 days after the BIA's decision of April 2007. *See* 8 U.S.C. § 1252(b)(1). Rather than petitioning this court for review for the April 2007 decision, Patel next filed a motion to reopen. Because the petition for review was filed outside the statutory 30-day period, we lack jurisdiction over the BIA's first decision in this case, and Patel's petition must be limited to only the denial of the motion to reopen. *See Asere v. Gonzales*, 439 F.3d 378, 380 (7th Cir. 2006); *Ajose v. Gonzales*, 408 F.3d 393, 394-95 (7th Cir. 2005).[2]

As for the motion to reopen, Patel argues that its denial was an abuse of discretion because, he says, it was arbitrary. To the extent that Patel argues the BIA abused its discretion, we again lack jurisdiction to review the BIA's decision because we

---

[2] Moreover, several of Patel's arguments have been procedurally defaulted. Even if we had jurisdiction over the BIA's original decision, Patel's appeal to the Board argued only that the IJ erred in finding he did not show good moral character, that the IJ abused his discretion in denying cancellation, and that the IJ erred in denying him voluntary departure. Patel's arguments in this petition that the hearing violated his rights against self-incrimination and to due process, that he received ineffective assistance of counsel, and that the immigration judge was biased were never raised before the BIA and have been procedurally defaulted, *see Padilla v. Gonzales*, 470 F.3d 1209, 1214 (7th Cir. 2006); *Castaneda-Suarez v. I.N.S.*, 993 F.2d 142, 144-45 (7th Cir. 1993).

may not review discretionary decisions to deny motions to reopen. *See Jezierski v. Mukasey*, No. 07-3569, 2008 WL 4149753, at *1 (7th Cir. Sept. 10, 2008); *Kucana v. Mukasey*, 533 F.3d 534, 538 (7th Cir. 2008).

This leaves one argument we must address: that the BIA violated its own regulations because different members of the Board (1) denied the motion to reopen and (2) dismissed the original appeal. Neither party cited any cases that address this argument, but the language of the regulations shows Patel's argument to be frivolous. Patel seems to construe the language of 8 C.F.R. § 1003.1(e)(5) generally to require the same Board member who decided the original appeal to decide the motion to reopen. But that section is permissive, not limiting:

> A motion to reconsider or to reopen a decision that was rendered by a single Board member may be adjudicated by that Board member unless the case is reassigned to a three-member panel as provided under the standards of the case management plan.

8 C.F.R. § 1003.1(e)(5). The same Board member *may* consider the motion to reconsider or reopen, but the regulation does not mandate it. Motions to reopen are first considered by a screening panel and will be disposed of by a single BIA member unless the screening panel member determines that the motion must be handled by a three-member panel. *See* 8 C.F.R. § 1003.2(I). In that context, § 1003.1(e)(5) clarifies that the same panel member who decided the initial appeal may decide the motion to reopen; it does not require the same panel member to decide it. The BIA's denial of the motion to reopen did not violate the regulations, then, the petition for review is

DENIED.