**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3519
_____

PATRICK OKEYO,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A070-836-455)
Immigration Judge:  Honorable Amiena A. Khan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 24, 2014

Before:  FISHER, VANASKIE and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Filed: March 24, 2014)
_____

OPINION
_____

PER CURIAM

Patrick Okeyo petitions for review of the Board of Immigration Appeals' ("BIA")

final order of removal.  We will dismiss the petition.

I.

Okeyo is a citizen of Kenya who overstayed his student visa. He has been represented by counsel at all relevant times. In 2003, an Immigration Judge ("IJ") found him removable and denied his applications for substantive relief but granted him leave to voluntarily depart. The BIA dismissed Okeyo's appeal, and he did not petition for review. Okeyo's proceeding was later reopened and then terminated while Okeyo pursued an application to adjust status on the basis of his marriage to a United States citizen. After that application proved unsuccessful, the IJ reopened his proceeding again and, on December 13, 2010, again found Okeyo removable but granted him leave to voluntarily depart by April 12, 2011. Okeyo neither departed nor appealed.

Instead, through new counsel, Okeyo filed with the IJ another motion to reopen seeking reopening on the basis of his marriage to another United States citizen. The IJ denied the motion on the grounds, inter alia, that it was untimely and did not present an exceptional situation that might warrant reopening sua sponte. The BIA agreed with these rulings and dismissed Okeyo's appeal. Okeyo petitioned for review pro se but later filed his brief through counsel who represented him before the IJ in 2010.

II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review final orders of removal, and we ordinarily review the denial of a motion to reopen for abuse of discretion. See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). As the Government argues, however, we lack jurisdiction to review the two arguments that

Okeyo raises in this case.

First, Okeyo concedes that his motion to reopen was untimely[1] but attributes its untimeliness to his former counsel's ineffective assistance. He also argues that he has substantially complied with the requirements for asserting an ineffective assistance claim set forth in In re Lozada, 19 I. & N. Dec. 637 (BIA 1988), by attaching to his brief a letter from former counsel admitting his mistaken interpretation of the filing deadline.

We lack jurisdiction to review Okeyo's ineffective assistance claim because he did not exhaust it by raising it before the BIA. See 8 U.S.C. § 1252(d)(1); Zheng v. Gonzales, 422 F.3d 98, 107-08 (3d Cir. 2005); (A.R. 6-12). It is perhaps not surprising that Okeyo's former counsel did not raise his own alleged ineffectiveness before the BIA, but Okeyo's present counsel could have done so by filing another motion to reopen. See Zheng, 422 F.3d at 105-06; see also Padilla v. Gonzales, 470 F.3d 1209, 1213-14 (7th Cir. 2006) (explaining that motions to reopen with the BIA generally are required to exhaust issues on which the BIA can grant relief). The BIA's ruling on such a motion

---

[1] The IJ's December 13, 2010 order granting Okeyo voluntary departure but finding him removable constitutes an order of removal. See Obale v. Att'y Gen., 453 F.3d 151, 160 (3d Cir. 2006), superseded by regulation on other grounds as recognized in Patel v. Att'y Gen., 619 F.3d 230, 234 (3d Cir. 2010). That order appears to have become final upon entry because it appears that Okeyo waived appeal (A.R. 89), and he has not argued otherwise. See 8 C.F.R. § 1241.1(b). Even if it did not, however, it became final on January 12, 2011, when the deadline for appealing to the BIA expired. See 8 C.F.R. § 1241.1(c). Even using that later date, the 90-day period for filing a motion to reopen a final order of removal, see 8 U.S.C. § 1229a(c)(7)(C)(i), expired on April 12, 2011. Okeyo initially filed his motion on April 7, 2011, but the Immigration Court returned it for lack of a fee receipt and a proper certificate of service and Okeyo did not properly file it until April 15, 2011. Okeyo argued before the BIA that his motion should be deemed filed on April 7, but the BIA rejected that argument and Okeyo has not raised it on review or otherwise contested that his motion was untimely.

would be subject to review by this Court.  We express no opinion on whether Okeyo may file such a motion now or on the merits of his argument.[2]

Second, Okeyo argues that the IJ and BIA erred in refusing to reopen his proceeding sua sponte.  The BIA generally reserves its discretion to reopen sua sponte for "exceptional situations," and we generally lack jurisdiction to review the BIA's refusal to do so unless it rests on a faulty legal premise or there is some other meaningful basis to review the BIA's otherwise-unfettered exercise of discretion.  See Pllumi, 642 F.3d at 159-60 & n.7.  Okeyo has not developed any meaningful challenge to the BIA's exercise of discretion in this case, let alone one that we might have jurisdiction to review.  Okeyo—who, again, was represented at all relevant times by counsel—argues that the rules regarding the filing of motions to reopen after a grant of voluntary departure are "confusing" and that these "confusing technical rules . . . should be taken into effect [sic] in this case."  (Pet'r's Br. at 10-11.)  Okeyo did not raise this argument before the BIA either, and it does not suggest any basis to review the Agency's exercise of discretion in any event.

For these reasons, we will dismiss the petition for review.

---

[2] In his reply brief, Okeyo concedes that filing a motion to reopen with the BIA would have been the proper procedure, but he argues that he should be relieved from that requirement because he filed this petition for review pro se and it was already pending when he later retained present counsel.  That argument is unavailing because petitioner's present counsel (or petitioner himself) could have filed a motion to reopen with the BIA in addition to, and despite the pendency of, this petition for review.  The BIA's rulings on motions to reopen are discrete decisions from which review may be sought by filing independent petitions for review, and the filing of such a motion does not dislodge a petition for review already pending in this Court.  See Thomas v. Att'y Gen., 625 F.3d 134, 138-39 (3d Cir. 2010); Camara v. Att'y Gen., 580 F.3d 196, 201 n.10 (3d Cir. 2009).