NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 27, 2021[*]
Decided January 28, 2021

***Before***

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2823

| | |
|---|---|
| FADEEL SHUHAIBER, | Appeal from the United States |
| *Petitioner-Appellant*, | District Court for the Northern |
| | District of Illinois, Western Division. |
| *v.* | No. 20 C 50290 |
| IMMIGRATION AND CUSTOMS | Rebecca R. Pallmeyer, |
| ENFORCEMENT, et al., | *Chief Judge*. |
| *Respondents-Appellees*. | |

**O R D E R**

After failing to appeal his removal order to the Board of Immigration Appeals, Fadeel Shuhaiber, an immigration detainee, sued the immigration judge and others to challenge that order. The district court dismissed the petition for lack of subject-matter

---

[*] The appellees were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

jurisdiction because, by statute, district courts may not entertain challenges to removal orders. *See* 8 U.S.C. § 1252(a)(5). We affirm.

Shuhaiber's removal is pending. Three years after entering the United States on a student visa, he pleaded guilty to possessing child pornography. After he served his sentence, the Department of Homeland Security charged him with removability for, among other things, being convicted of an aggravated felony and crime of moral turpitude. 8 U.S.C. § 1227(a)(1)(B), (a)(2)(A)(iii). In 2019, an immigration judge ordered him removed to Palestine, Lebanon, or Israel.

Rather than appealing the immigration judge's initial decision to the Board of Immigration Appeals, Shuhaiber petitioned for review in this court. We dismissed the petition because he had not exhausted his administrative remedies. *Shuhaiber v. Barr*, No. 19-2960 (7th Cir. Oct. 24, 2019). Shuhaiber then persuaded the immigration court to reopen his case and reissue the removal order so that he could appeal it to the Board. He did so, only to withdraw his administrative appeal because of a family member's medical crisis.

Shuhaiber brought this suit in federal district court against the immigration judge, Immigration and Customs Enforcement, and the agency's counsel, seeking to vacate the removal order and secure his release. He asserted that the immigration judge overstated the seriousness of his child pornography conviction—he maintains that he deleted the pornographic material from his computer without viewing it and never had contact with a minor—in deeming it an aggravated felony and crime of moral turpitude. But the district court, construing his filing as a petition for writ of habeas corpus, dismissed it for lack of subject-matter jurisdiction. *Sharif ex rel. Sharif v. Ashcroft*, 280 F.3d 786, 787 (7th Cir. 2002).

Shuhaiber argues on appeal that the district court must have jurisdiction over his petition because he has no other forum in which to bring his challenge. But as the district court correctly explained, Congress divested district courts of jurisdiction over habeas petitions challenging removal orders. *See* 8 U.S.C. § 1252(a)(5); *Rivas-Melendrez v. Napolitano*, 689 F.3d 732, 736–37 (7th Cir. 2012). To the extent Shuhaiber wishes to challenge the bases for the underlying removal order, his recourse was to present that argument to the Board of Immigration Appeals. *See Padilla v. Gonzales*, 470 F.3d 1209, 1213–14 (7th Cir. 2006). By failing to do so, Shuhaiber did not exhaust his administrative remedies, and we therefore lack jurisdiction to review any such challenges. 8 U.S.C. § 1252(d)(1); *Perez-Fuentes v. Lynch*, 842 F.3d 506, 511 (7th Cir. 2016).

We have considered Shuhaiber's other arguments, and they are without merit.

AFFIRMED