# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2008

Charles R. Fulbruge III
Clerk

No. 05-60901

MARCO ANTONIO TOLEDO-HERNANDEZ,

Petitioner,

v.

MICHAEL B. MUKASEY, U.S. Attorney General,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A90 950 922

Before GARWOOD, JOLLY, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Petitioner Marco Antonio Toledo-Hernandez ("Toledo") filed a 28 U.S.C. § 2241 petition in federal district court challenging a 2003 decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") order of removal. Toledo's § 2241 petition was converted into a petition for review and transferred to this Court in accordance with the REAL ID Act, Pub. L. No. 109-13, § 106(c), 119 Stat. 231, 311 (2005). See Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005), cert. denied, 546 U.S. 1106 (2006). For the following reasons, this petition for review is

1

DISMISSED.

## I. Factual and Procedural Background

Toledo, a native of Mexico, became a lawful permanent resident in 1990. On August 24, 1999, the IJ found Toledo deportable based on a 1997 aggravated assault conviction and ordered Toledo removed to Mexico; the BIA affirmed the IJ's decision without opinion on January 28, 2003. On August 11, 2003, a Texas state court granted Toledo state habeas relief, reversing the aggravated assault conviction on the ground that the guilty plea was not knowing and voluntary. Subsequently, on August 18, 2003, Toledo filed a federal habeas petition, requesting that the removal proceedings be terminated because his conviction had been reversed and thus could no longer serve as grounds for removal. On May 21, 2004, the federal district court held that because Toledo's conviction was vacated, Toledo could not be removed on the basis of that conviction. The district court then granted Toledo's habeas petition and remanded the case to the BIA for it to reconsider the order of removal.

Four days later, the district court reopened the case, sua sponte, to consider the effect of this Court's decision in Discipio v. Ashcroft, 369 F.3d 472, 473-75 (5th Cir. 2004), which held that an overturned conviction remained valid for removal purposes, vacated on denial of rehearing en banc, 417 F.3d 448 (5th Cir. 2005). Subsequently, Congress enacted the REAL ID Act, which altered the jurisdictional framework in immigration cases. Because the case was pending in the district court, on August 17, 2005, the district court transferred the case to this Court pursuant to the REAL ID Act.

## II. Discussion

### A.

As a preliminary issue, Toledo argues that this Court should remand this case to the district court; however, this argument is unavailing. Under § 106(a)

2

of the REAL ID Act, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the Immigration and Nationality Act]." Rosales, 426 F.3d at 736 (quoting the REAL ID Act, 119 Stat. 231, 310). Moreover, the REAL ID Act also requires district courts to transfer to the appropriate courts of appeals all § 2241 petitions challenging final orders of removal, deportation, or exclusion "pending in a district court on the date of the enactment of [the Act]." 119 Stat. 231, 311; see also Rosales, 426 F.3d at 736. Because this case was pending in the district court on the date of enactment, "[t]his court is the exclusive forum for [Toledo's] challenge to his removal order." See Rosales, 426 F.3d at 736.

B.

Before this Court, Toledo seeks review of the final order of removal by the BIA, arguing that because his state conviction was overturned on constitutional grounds, he cannot be removed on the basis of that conviction. This Court may only review deportation orders involving constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D). The determination of whether Toledo is subject to removal in light of the state vacatur of his aggravated assault conviction is a question of law. Nevertheless, the Government argues that Toledo must overcome a second jurisdictional hurdle–compliance with § 1252(d)(1)'s exhaustion requirement.

We may review a final order of removal only when "the alien has exhausted all administrative remedies available to the alien as of right." § 1252(d)(1). While the statute does not define the phrase "as of right," this Court has previously held that "[w]hen a petitioner seeks to raise a claim not presented to the BIA and the claim is one that the BIA has adequate mechanisms to address and remedy, the petitioner must raise the issue in a motion to reopen

3

prior to resorting to review by the courts." Goonsuwan v. Ashcroft, 252 F.3d 383, 390 (5th Cir. 2001); see also Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005) ("[A] claim is 'available as of right' if, at the very least, (1) the alien's claim was within the jurisdiction of the BIA to consider and implicated agency expertise, and (2) the agency was capable of granting the remedy sought by the alien."). " The principle underlying this policy is that courts should not address an immigration issue until the appropriate administrative authority has had the opportunity to apply its specialized knowledge and experience to the matter." Padilla v. Gonzales, 470 F.3d 1209, 1214 (7th Cir. 2006) (citations omitted); See also I.N.S. v. Orlando Ventura, 537 U.S. 12, 16 (2002) (holding that, except in rare circumstances, an appellate court should not "intrude upon the domain which Congress has exclusively entrusted to an administrative agency.").

The Government contends that this Court does not have jurisdiction to review Toledo's claims because he failed to exhaust his administrative remedies before seeking review of his deportation order. Specifically, the Government contends that Toledo should have brought a motion to reopen pursuant to 8 C.F.R. § 1003.2(a), which allows the BIA to reopen, on its own motion, any case in which it has rendered a decision.

Toledo does not dispute that he has never raised the question of the continuing validity of his conviction before the BIA, nor does he argue that the BIA lacks adequate mechanisms to resolve his claim. Rather, Toledo argues that he did not file a motion to reopen because pursuant to § 1003.2(c)(2), a party must file a motion to reopen "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." Toledo contends that because the state vacatur occurred more than 90 days after the BIA's decision, it was impossible for him to file a motion to

4

reopen within the requisite time frame.[1]

However, this court has previously acknowledged that notwithstanding the untimeliness of a motion to reopen, a petitioner may nevertheless request that the BIA exercise its sua sponte power to reopen a case where exceptional circumstances are present.[2] Wang v. Ashcroft, 260 F.3d 448, 453 n.4 (5th Cir. 2001)(noting that "[t]he Board's decisions indicate that an untimely motion to reopen will be considered only if there are exceptional circumstances."). Admittedly, simply because petitioners may file such a motion does not mean that they must do so in order to exhaust their administrative remedies. Thus, the relevant question here is whether a petitioner is required to first present an issue to the BIA in a motion to reopen where the occurrence that would have prompted the motion did not occur until after the administrative process had concluded and the 90-day period established in § 1003.2(c)(2) had passed.

Toledo asserts that he is not required to file a motion to reopen in order to

---

[1] Toledo's conviction was vacated approximately seven months after the BIA's decision, and approximately four months after the expiration of the period for filing a motion to reopen.

[2] In fact, the BIA has shown a willingness to sua sponte reopen cases where there is evidence that an immigrant's conviction was vacated for substantive or procedural defects. In re Noel, 2007 WL 2197540, *1 (BIA Jun 29, 2007)(using its sua sponte power to reopen proceedings where the immigrant presented evidence indicating that his conviction was vacated, in part, due to an alleged defect in the proceedings related to his plea bargain.); In re Bworna, 2007 WL 1520877, *1 (BIA May 14, 2007)(holding that "[s]ince the basis for the respondent's order of removal and the denial of relief no longer exists, the respondent has presented exceptional circumstances justifying reopening"); In re Sorokin, 2007 WL 1520791, *1 (BIA May 11, 2007)(same); but see In re Noor, 2007 WL 4699923, *1 (BIA Dec 11, 2007)(refusing to use its sua sponte authority to reopen a case to consider the petitioner's vacated convictions because under Fifth Circuit precedent all vacated convictions remain valid for immigration purposes regardless of the reason for the vacatur).

exhaust in light of this Court's decision in Panjwani v. Gonzales, 401 F.3d 626, 631 (5th Cir. 2005).  However, Toledo's reliance on Panjwani is misplaced as it is factually distinguishable from the present case.  That case required this Court to consider whether we had jurisdiction over an untimely motion to reopen.  The Panjwani court concluded that "we have appellate jurisdiction over the BIA's denial of an untimely motion to reopen deportation proceedings in instances where the petitioner files such a motion seeking to avail himself of the exception for 'changed circumstances.'" Id. at 632.  Clearly, the present case is inapposite as Toledo, unlike the petitioner in Panjwani, has not filed a motion to reopen at all.

This Court has generally held that in order to exhaust, an alien must first raise an issue before the BIA on direct appeal or through a motion to reopen before raising the issue in the federal courts.  See Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004); Goonsuwan, 252 F.3d at 388-89.  In Goonsuwan, for example, the petitioner sought habeas relief in district court after he was ordered removed, alleging ineffective assistance of counsel during his deportation hearing.  252 F.3d at 385.  The district court granted the petitioner relief but this Court reversed, holding that the district court lacked jurisdiction to consider his claim when he had not first presented it to the BIA.  Id. at 390.  In so holding, Goonsuwan acknowledged that a motion to reopen, while generally not required to exhaust administrative remedies, is required where the BIA has not had an opportunity to consider the claim but has adequate mechanisms to remedy it.  Id.  The overwhelming weight of the case law in this Circuit reaches the same conclusion as Goonsuwan: exhaustion requires that a petitioner present new arguments for the first time in a motion to reopen.  See, e.g., Roy, 389 F.3d at 132, 137 (holding that the petitioner failed to exhaust his

administrative remedies with regard to his claim involving a "procedural error correctable by the BIA"); Faddoul v. I.N.S., 37 F.3d 185, 190 (5th Cir.1994) ("The proper venue for proffering new evidence is . . . the BIA through a motion to reopen the case."); Yahkpua v. I.N.S., 770 F.2d 1317, 1320 (5th Cir.1985) (holding petitioner "may not introduce on appeal issues that were not presented to or considered at the administrative level").

The Seventh Circuit has recently addressed a case considerably similar to the one presently before this Court. See Padilla, 470 F.3d 1209. In that case, the petitioner, Padilla, was found removable in 2004 based on his 1989 conviction for sexual abuse and his 1991 conviction for obstruction of justice. Id. at 1211. In 2005, Padilla moved to withdraw his guilty pleas, as well as vacate and set aside those two convictions in the state court where he was convicted, arguing that he had not been informed that his guilty plea could result in deportation. Id. The state court granted his motions, thus vacating his convictions. Id. Padilla then petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the basis on his vacated convictions. Id. at 1212. During the pendency of his case in the district court, Congress enacted the REAL ID Act and as a result Padilla's case was transferred to the Seventh Circuit Court of Appeals. Id.

Before the Seventh Circuit, the government argued that Padilla had not exhausted his administrative remedies because he failed to first give the BIA the opportunity to address the effect of his vacated convictions on his removability. Id. at 1213. The Seventh Circuit agreed, finding that because the BIA could have amended or rescinded his removal order if given the opportunity, Padilla had failed to exhaust his administrative remedies. Id. at 1215. Relying on this Court's opinion in Goonsuwan, Padilla concluded that "[b]ecause the BIA has

7

never been asked to determine the effect of the state court's order on Padilla's order of removal, there is no agency decision on this issue for us to review." Id. at 1214.

Padilla therefore confirms this Court's reasoning that "[t]he appropriate inquiry is not whether [the alien] filed a motion to reopen, but rather whether he presented to the BIA the issue . . . raised in his habeas petition, thus exhausting his administrative remedies as to that issue." Goonsuwan, 252 F.3d at 388. In cases where the BIA has previously ruled on an issue, we do not hold that in order to exhaust their administrative remedies for purposes of invoking federal court jurisdiction that petitioners must file a motion to reopen in order to have the agency reconsider the same issue.[3] Rather, if the BIA has never been given the opportunity to consider an issue but has the mechanisms to remedy it, even where the 90-day period for presenting a motion to reopen has passed, a petitioner must first present the issue to the Board in the form of a motion to reopen for exceptional circumstances. Toledo does not dispute that he has not raised the issue of his vacated convictions before the BIA, nor does he contend that the BIA has inadequate mechanisms to address and remedy his claim. Accordingly, this Court lacks jurisdiction to review this claim.

For the foregoing reasons, the petition for review is DISMISSED.

---

[3] James v. Gonzales, 464 F.3d 505 (5th Cir. 2006), at least arguably falls into this category. In any event, as the above cited pre-James authority from this court demonstrates, James cannot be read as precluding the requirement of exhaustion under the facts here.

8