# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2009

Charles R. Fulbruge III
Clerk

No. 07-60510

ROLAND KELLER

Petitioner

v.

MARK FILIP, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 399 081

Before BENAVIDES, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Roland Keller seeks review of a decision by the Board of Immigration Appeals ("BIA") that granted him voluntary departure. Though that is the relief he requested, he argues here that the BIA's method of granting the relief was beyond its authority and therefore was not something on which he could rely to depart. We agree that the BIA erred. In addition, we conclude that the BIA erred in affirming the immigration judge's denial of a continuance. We grant Keller's petition, REVERSE, and REMAND.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

Keller is a native and citizen of Switzerland. He was admitted into the United States in 1991 as a nonimmigrant with authorization to remain for a temporary period. In September 1998, the Immigration and Naturalization Service issued a notice for Keller to appear, which alleged that he was subject to removal for remaining in the United States without permission beyond his authorized period. Keller's case was initially set before an immigration judge in February 1999. Due to multiple continuances, he did not have a merits hearing until December 2002. At that merits hearing, Keller admitted the allegations and conceded removability. In September 2004, Keller's counsel indicated that the only relief available to Keller was voluntary departure. A merits hearing on that was requested. After two delays caused by the government, the hearing was set for April 2006.

In March 2006, Keller's counsel filed an unopposed motion for a continuance because she would be out of the country on business during the April hearing. The motion remained pending when the date for the hearing arrived. Keller appeared alone. The immigration judge acknowledged that continuances were normally granted when unopposed. However, due largely to internal time limits regarding the disposition of cases, the continuance was denied. Keller was granted a form of voluntary departure after Keller was found to be a model resident. Keller was given 120 days to depart voluntarily from the United States and was allowed to reserve the right to appeal the decision.

Keller then appealed to the BIA. He argued that the immigration judge abused her discretion in denying the continuance. He also argued that he should have been required to pay a departure bond. He requested that the BIA remand the case in order for the immigration judge to make a proper grant of a voluntary departure that would not later be subject to challenge should he seek to return

to this country. The BIA sustained the denial of the continuance but agreed that a departure bond was required. The BIA shortened Keller's departure period to 60 days and ordered him to pay a $500 departure bond.

Keller appealed here. He presents three issues: (1) whether the BIA erred in affirming the denial of a continuance; (2) whether we have jurisdiction to decide whether the BIA's decision was ultra vires and inconsistent with BIA precedent; and, if so, (3) whether the BIA acted in a manner that was ultra vires and inconsistent with precedent.

## II. DISCUSSION

### A. Denial of Continuance

The decision of whether or not to grant a continuance lies within the sound discretion of the immigration judge. Masih v. Mukasey, 536 F.3d 370, 373 (5th Cir. 2008). "Accordingly, we review a decision to grant or deny a continuance for an abuse of discretion." Id. Generally, we only have authority to review the decision of the BIA; however, when the immigration judge's decision affects the BIA's decision, we also review the decision of the immigration judge. Zhu v. Gonzales, 493 F.3d 588, 593 (5th Cir. 2007). In this case, in affirming the immigration judge's decision, the BIA recited the facts and for its ruling, noted only that it found no error in the immigration judge's opinion.

Keller's attorney filed an unopposed motion for a continuance that sought to delay the hearing before the immigration judge scheduled for April 2006. No continuance prior to the hearing was granted. Keller appeared without his attorney, who apparently had proceeded with her business trip that had been the factual basis for the motion.

The immigration judge provided a thorough explanation of her motivations. She "normally would have granted said request," the judge stated, because it was unopposed. What made the case an exception was the "pressure

on the undersigned judge to complete cases in a timely manner." She would deny Keller's motion because of "the existence of the afore-referenced 'completion goals,' which the Court believed made it imperative for the case to [be] completed before it became three years old . . . ." Because the case was old, "the office of the Chief Immigration Judge is putting a great deal of pressure on the undersigned judge to complete cases in a timely manner. . . . if the Court continues it, there would be a price to be paid as far as this Judge is concerned."

Later at the hearing, Keller mentioned his need for the attorney. The judge stated:

> I know. And it's not your fault. And it's unfortunate. . . . I don't feel like I can – it's either, doing what your attorney wants or protecting my job security. So I don't really think I have much choice. And it's unfortunate, but there's not much I can do about it at this point

It is true that the judge made other statements, such as that counsel was on a business trip but had not explained why it had been scheduled at a time that conflicted with the hearing. The judge's ultimate finding was that there was "not sufficient cause" for the continuance. Yet the record strongly indicates that the few essentially acceptable considerations that were mentioned played little role in the ruling. Most tellingly, perhaps, the immigration judge stated that she believed she had "no choice" but to deny the motion.

As already noted, the decision to deny a continuance is a discretionary decision for the immigration judge. See Masih, 536 F.3d at 370. "Discretion" is not a meaningless label to be applied to the decision that is made. To constitute discretion, there must be a "power of free decision or choice within certain legal bounds." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 647 (Merriam-Webster 1993). If case disposition targets become fetters, an appellate court does not review an exercise of discretion because none existed. In this case, the immigration judge made it clear that she had no discretion to exercise, that

4

Keller could not be granted a continuance due to the judge's fear of repercussions for violating case completion goals set by her superiors.

Because the immigration judge did not exercise discretion in making what must be a discretionary decision, the immigration judge's ruling is invalid. The BIA, which reviews an immigration judge's discretionary decisions de novo, 8 C.F.R. § 1003.1(d)(3)(ii), did not recognize this error. The BIA also erred.

Though the BIA erred in affirming the immigration judge's denial of the continuance, we still find it necessary to reach other issues. This appeal comes to us in an unusual posture, that of a petitioner's having received the relief he requested but in a form that allegedly was so flawed as not to be a reliable grant of a right to act. Absent such a defect, any failure to grant a continuance would be harmless and no basis to reverse. As we will explain, we find reversal to be required and order the matter returned to an immigration judge. We see no reason for a judge again to consider whether a continuance should have been granted in April 2006. The issues after remand will be how to proceed now, not how to reconstruct whether a continuance was deserved almost three years ago.

B. Jurisdiction to Review the BIA's Decision

The government argues that this court lacks jurisdiction to decide whether the BIA's grant to Keller of post-hearing voluntary departure was ultra vires and inconsistent with precedent. First, the government relies upon a statute that requires the exhaustion of administrative remedies. See 8 U.S.C. § 1252(d)(1). The government argues that because Keller's ultra vires argument was not raised before the BIA, it is not properly before this court. The government contends that this issue should have been raised before the BIA through either a motion to reopen or a motion to reconsider. Second, in a footnote, the government cites a statute that allegedly bars our review of orders respecting voluntary departures. We separately discuss these arguments.

5

### 1. Failure to Exhaust

A final order of removal may be reviewed only when "the alien has exhausted all administrative remedies available to the alien as of right." Id. § 1252(d)(1). The phrase "as of right" is not defined in the statute. In some circumstances – and the government argues those circumstances exist here – exhaustion will require a petitioner to file a motion to reopen. "When a petitioner seeks to raise a claim not presented to the BIA and the claim is one that the BIA has adequate mechanisms to address and remedy, the petitioner must raise the issue in a motion to reopen prior to resorting to review by the courts." Goonsuwan v. Ashcroft, 252 F.3d 383, 390 (5th Cir. 2001).

Despite these requirements, we have held that a petitioner may allege that the BIA acted in an ultra vires manner without first raising the issue at the BIA. James v. Gonzales, 464 F.3d 505 (5th Cir. 2006). In James, an immigration judge terminated removal proceedings against an alien. The BIA then, without a meaningful request from the government, ordered the alien removed. The alien petitioned for review and argued that the BIA acted ultra vires in ordering him removed. The government responded that the alien had forfeited this argument by failing to raise it before the BIA. Because the government had only requested "in passing" that the BIA order removal, we were not persuaded that adequate notice existed for the petitioner to have anticipated the issue. Id. at 513. We also stated that a motion to reopen was not generally a component of exhaustion. Id. Consequently, no forfeiture of the issue had occurred. Id.

In another recent case, we placed a somewhat different emphasis regarding motions to reopen. Toledo-Hernandez v. Mukasey, 521 F.3d 332, 334-35 (5th Cir. 2008). The conviction that had caused that petitioner to be removable was vacated after the usual 90-day period for filing a motion to

reopen with the BIA had expired.  As a result, the petitioner made no effort to reopen and proceeded with his appeal.  Still, we refused to consider the appeal because the petitioner could have filed a motion requesting the BIA to exercise its discretion to consider a late motion in "exceptional circumstances."  Id.  The opinion stated that the controlling point was not whether a motion to reopen had been filed; it was whether the issue had been fairly presented to the BIA.  Id. at 336.  "In cases where the BIA has previously ruled on an issue, we do not hold that in order to exhaust their administrative remedies for purposes of invoking federal court jurisdiction that petitioners must file a motion to reopen in order to have the agency reconsider the same issue."  Id.  We also noted that James "at least arguably" was a case where a motion to reopen was not required because the BIA had previously ruled on the issue.  Id. at 336 n.3.

Comparing the precedents, we find that in Toledo-Hernandez, the issue that the operative conviction had been vacated was first argued to this court.  The fact of vacation was neither presented to nor considered by the BIA.  Returning to the BIA was therefore necessary.  Keller, though, makes no factual allegation that was unconsidered by the BIA.  In James, the other key precedent, an immigration judge terminated removal proceedings.  Then on appeal, the BIA ordered the alien removed despite that the government had not meaningfully argued for that option.  Similarly, neither Keller nor the government requested that the BIA do what it did.  Keller had argued to the BIA that it should remand to the immigration judge; the government argued that there was no error to correct.  Instead, after finding error in the immigration judge's decision, the BIA ruled on the merits of the voluntary departure.

We find this case similar to James.  It is to this court that Keller for the first time argues that the BIA's sua sponte decision to grant relief was beyond its authority.  As in James, because the alien did not have reason to anticipate

7

the action taken by the BIA, the only time to have raised the issue would have been in a motion to reopen. On these facts, that motion was not required.

In summary, we said in Toldeo-Hernandez that James should not be read to excuse a motion to reopen when a critical event occurred after the BIA's initial decision that would change the basis for the decision. On the other hand, we do not read Toledo-Hernandez to mandate a motion to reopen when there is nothing new to present to the BIA other than alleged ultra vires legal error in the manner in which it decided the issue before it. The basic point is that when the BIA acts beyond its authority, a petitioner will usually not need to anticipate that action in initial briefing or respond to it with a motion to reopen.

We now address the other jurisdictional bar raised by the government.

2. Jurisdiction Under 8 U.S.C. § 1252(a)(2)(B)(i)

One of the immigration statutes contains a provision entitled "Denials of discretionary relief." 8 U.S.C. § 1252(a)(2)(B). The statutory text then denies courts jurisdiction to review "any judgment regarding the granting of relief" under Section 1229c – the statute governing voluntary departure. Id. § 1252(a)(2)(B)(i). The BIA did not deny a voluntary departure, which is what the title to the statutory subsection seems to require, but the BIA did enter a judgment "regarding the granting of" the relief of a voluntary departure. That judgment went further than the relief Keller requested from the BIA. According to Keller, the BIA also went further than it legally could go.

So our first question is whether judicial review is barred by this statutory subparagraph. We find the answer in a later subparagraph of the same statute. It provides that subparagraph (B), which we quoted, is not to be "construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." Id. § 1252(a)(2)(D). A claim that an agency has acted ultra vires,

8

i.e., beyond its legal authority, is of course a question of law. Jean v. Gonzales, 452 F.3d 392, 396 (5th Cir. 2006) (finding that ultra vires claims are questions of law and permitting the exercise of jurisdiction).

Keller's argument presents a legal question over which this court has jurisdiction. We now seek the answer to that question.

C. Ultra Vires Acts; Consistency with Precedent

A grant of voluntary departure after a hearing has been conducted requires the immigration judge to set an amount for a departure bond and establish a deadline for voluntary departure at no more than 60 days from her order. 8 C.F.R. § 1240.26. Though voluntary departure was granted to Keller after a hearing, he was given twice the maximum amount of time to depart, and no bond was set. On appeal, the BIA sought to correct these errors by establishing a bond and a proper departure deadline. The crux of Keller's argument is that the BIA neither made nor could it make the findings that are required before post-hearing voluntary departure may legitimately be ordered. Keller argues that the only proper order after the BIA found these defects in the immigration judge's decision was to remand for additional presentation of evidence and fact-finding. The four findings required are these:

> (A) the alien has been physically present in the United States for a period of at least one year immediately preceding the date the notice to appear was served under section 1229(a) of this title;
> (B) the alien is, and has been, a person of good moral character for at least 5 years immediately preceding the alien's application for voluntary departure;
> (C) the alien is not deportable under section 1227(a)(2)(A)(iii) or section 1227(a)(4) of this title; and
> (D) the alien has established by clear and convincing evidence that the alien has the means to depart the United States and intends to do so.

8 U.S.C. § 1229c(b). Neither the immigration judge nor the BIA made these

9

findings. By regulation, the BIA can review questions of law and the exercise of discretion. 8 C.F.R. § 1003.1(d)(3)(ii). It cannot find facts, however, and must remand if those are needed:

> Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals. A party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand. If further factfinding is needed in a particular case, the Board may remand the proceeding to the immigration judge or, as appropriate, to the Service.

Id. § 1003.1(d)(3)(iv).

Though the BIA is not to make find facts, another circuit concluded that, "[p]rovided the BIA can do so without additional fact-finding," the BIA could decide whether an alien would merit a favorable exercise of discretion. Wood v. Mukasey, 516 F.3d 564, 569 (7th Cir. 2008). We see no basis to apply such reasoning here. The defect we have noted is the absence of findings, and Wood agreed that the BIA could not undertake additional fact-finding.

Looking at our missing findings, we see that Keller had the burden of proof. The deportable alien has "the burden of establishing that he or she is eligible for any requested benefit or privilege and that it should be granted in the exercise of discretion." 8 C.F.R. § 1240.8(d). This burden specifically applies in the context of a request for voluntary departure. See id. § 1240.11(b), (e). An examination of this record does not reveal clear evidence to support each of the four findings that must be made. Had the continuance properly been denied, Keller would have needed to present his evidence at that hearing. Because the continuance was denied on an improper basis, we conclude that any current absence of evidence in the record is not fatal to Keller's petition.

In summary, the necessary fact-findings for the voluntary departure

authorized by the BIA were never made. The BIA could not properly state findings to replace the omitted ones. Thus, it was an ultra vires act for the BIA to grant post-hearing voluntary departure.

Keller also argues that the BIA's decision was inconsistent with its own precedents, but we need not reach that issue.

## III. CONCLUSION

Allowing an alien to depart with a right to return under certain conditions is the purpose of the voluntary departure scheme. Significant questions about the validity of this voluntary departure order existed and were properly the subject of appeal. We grant Keller's petition for review, REVERSE the order of the BIA, and REMAND with instructions that the BIA remand to an immigration judge for proceedings consistent with this opinion.