# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 18, 2010

Lyle W. Cayce
Clerk

No. 09-60223
c/w No. 09-60559
Summary Calendar

RONALD MAURICIO FLORES CENTENO,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A73 754 961

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Ronald Mauricio Flores Centeno (Flores) has timely petitioned for review of the Board of Immigration Appeals's (BIA's) decisions affirming the order of the immigration judge (IJ) denying Flores's application for withholding of deportation and denying Flores's request to reopen the deportation proceedings and two requests for reconsideration. A native and citizen of Nicaragua, Flores entered the United States without inspection, and deportation proceedings were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

initiated against him on April 10, 1995, by issuance of an order to show cause. Additional charges of inadmissibility/deportability were lodged on November 21, 2007, because Flores was convicted twice in Arkansas of possession of a controlled substance and of shoplifting and third degree battery. At a hearing before the IJ, Flores admitted the fact of his prior convictions. Flores also admitted that he had been convicted, after entry, of two crimes involving moral turpitude not arising out of a single scheme or criminal misconduct, and that he had been convicted, after entry, of a controlled substance offense. The IJ determined that the two misdemeanor drug possession convictions qualified as an aggravated felony.

Flores applied for asylum, withholding of deportation under Immigration and Nationality Act (INA) § 241(b)(3), and withholding of removal under the Convention Against Torture (CAT). The IJ determined that Flores was not eligible for asylum because of his aggravated felony conviction, and that he was not entitled to withholding of deportation or relief under the CAT because he had not carried his burden with respect to the likelihood of future persecution. The BIA affirmed IJ's decision, and it denied Flores's requests for reconsideration, to reopen deportation proceedings, and for reconsideration of the decision denying the request to reopen.

Flores concedes that he is deportable under former Immigration and Nationality Act (INA) § 241(a)(1)(B) because he entered the United States without inspection, and that he is ineligible for asylum. Flores contends nevertheless that he is not deportable under former INA § 241(a)(2)(A)(ii) and (iii) on the basis of his status as an alien who was convicted following entry of two crimes involving moral turpitude and as an aggravated felon.

This court has jurisdiction to review constitutional claims and questions of law raised upon a petition for review. *See Brieva-Perez v. Gonzales*, 482 F.3d 356, 359 (5th Cir. 2007); *see also* 8 U.S.C. § 1252(a)(2)(D). We review questions

of law de novo but defer "to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect."[1]  *Cantu-Delgadillo v. Holder*, 584 F.3d 682, 686 (5th Cir. 2009) (quotation marks omitted).

Flores has not exhausted his administrative remedies as to the question whether he was deportable under former INA § 241(a)(2)(A)(ii), as an alien who, after entry, was convicted of two crimes involving moral turpitude.  *See* § 1252(d) ("A court may review a final order of removal only if—(1) the alien has exhausted all administrative remedies available to the alien as of right.").  Therefore, this court does not have jurisdiction to consider the issue.  *See Toledo-Hernandez v. Mukasey*, 521 F.3d 332, 335-36 (5th Cir. 2008).  In any event, Flores's arguments with regard to that ground of deportability and the other grounds of deportability are without merit.

Flores contends that he is not deportable under former INA § 241(a)(2)(A)(ii) and (iii) on the basis of his status as an alien who was convicted following entry of two crimes involving moral turpitude and as an aggravated felon because his convictions did not occur "after entry" or "after admission." Flores contends that he should have been charged in removal proceedings under INA § 237, and that he could not be removed under § 237 because he was never "admitted" to the United States.

Flores's arguments conflate the concepts of "entry" and "admission." The term "entry" was formerly defined as "'any coming of an alien into the United States, from a foreign port or place or from an outlying possession, whether voluntarily or otherwise.'" *Landon v. Plasencia*, 459 U.S. 21, 25 n.3 (1982)

---

[1] We note that Flores does not challenge the BIA's determination that he is deportable as an aggravated felon. *But see Carachuri-Rosendo v. Holder*, ___ S. Ct. ___, 2010 WL 2346552 at *11 (June 14, 2010).  Although Flores is pro se, we will not raise the issue sua sponte. *See Garcia v. Reno*, 234 F.3d 257, 258 n.2 (5th Cir. 2000); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

(quoting former 8 U.S.C. § 1101(a)(13)). "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A); *see also In re Rosas-Ramirez*, 22 I&N Dec. 616, 620 (BIA 1999);[2] *see generally* 1 CHARLES GORDON, STANLEY MAILMAN, AND STEPHEN YALE-LOEHR, IMMIGRATION LAW AND PROCEDURE, § 1.03[1][b] (Matthew-Bender, Rev. Ed., through June 2010) (discussing distinction between "entry" and "admission"). Under former INA § 241(a)(2)(A)(ii) & (iii) and (B)(i), aliens were "deportable" upon commission following "entry" of two or more crimes of moral turpitude, of an aggravated felony, and of a controlled substance offense, respectively. Under INA § 237(a)(2)(A) & (B), an alien is "removable" upon the commission of such crimes following "admission." *See* 8 U.S.C. § 1227(a)(2).

Under § 301(c)(1)(B) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) (IIRIRA), deportation proceedings that were pending on the IIRIRA enactment date were continued. IIRIRA § 301(c)(1)(B). Under IIRIRA § 309(c)(3), the Attorney General could elect to terminate deportation cases pending on the IIRIRA enactment date and to reinstate such cases as removal proceedings, a procedure known as "repapering." *Rojas-Reyes v. INS*, 235 F.3d 115, 125-26 (2d Cir. 2000). In this case, the Attorney General exercised his discretion to continue the deportation proceedings.[3] Flores has not shown that the Attorney General committed an error of law in exercising his discretion to continue the deportation

---

[2] In *Rosas-Ramirez*, 22 I&N Dec. at 617, cited by Flores, the BIA held that the alien's adjustment of status to lawful permanent resident, under INA § 245A(b), constituted an "admission" under § 237(a)(2)(A)(iii). 22 I&N Dec. at 623. Because Flores's status was never adjusted to lawful permanent resident, *Rosas-Ramirez* is inapposite.

[3] The Attorney General points out that, if he had exercised his discretion to reinstate removal proceedings against Flores, the charges would have been brought under INA § 212(a), which pertains to inadmissible aliens, and not under INA § 237. *See* 8 U.S.C. § 1182(a)(2).

proceedings under the charges asserted in the order to show cause, or that his constitutional rights were violated. *See Rojas-Reyes*, 235 F.3d at 125-26.

Flores admitted in 1995 that he was deportable under former INA § 241(a)(1)(B) because he entered the United States without inspection. In 2008, Flores admitted that he was convicted, after entry, of two crimes involving moral turpitude not arising out of a single scheme or criminal misconduct, and that he had been convicted, after entry, of a controlled substance offense. Flores has not shown that the BIA committed an error of law in determining that he was deportable under former INA § 241(a)(1)(A)(ii) & (iii) and (B)(i) because he was convicted after entry of two crimes of moral turpitude, an aggravated felony, and a controlled substance offense.

Flores argues that his attorney rendered ineffective assistance in conceding that he was admitted to the United States. This issue was first asserted in Flores's request to reopen. The BIA's denial of a request to reopen is reviewed "under a highly deferential abuse of discretion standard." *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005). Ordinarily, a request to reopen must be filed within 90 days of entry of "the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2); *see also* 8 U.S.C. § 1229a(c)(7)(C)(i). Flores raises no issue with respect to the BIA's conclusion that his request to reopen was untimely. Accordingly, this court lacks jurisdiction over his petition for review of the order denying the request to reopen. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004). Moreover, because Flores's ineffective assistance arguments are based on his meritless contention that he did not commit his various criminal offenses after entry, he has not shown that the proceedings were fundamentally unfair because he received ineffective assistance of counsel. *See Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006).

No. 09-60223
c/w No. 09-60559

Flores argues that he is eligible for adjustment of status under 8 U.S.C. § 1255(i) because he has been physically present in the United States since 1995, and because he "petitioned for classification and labor certification" prior to April 30, 2001. This issue is unexhausted. *See Toledo-Hernandez*, 521 F.3d at 335-36. The petitions for review are DENIED.