**CHAI CHEN, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 11–60080
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 2012.

Chai Chen, Brooklyn, NY, pro se.

Janice Kay Redfern, Esq., Walter Bocchini, Esq., Trial Attorney, Tangerlia Cox,

Gregory Michael Kelch, Esq., U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM: *

Chai Chen has petitioned for review of the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of his application for asylum, withholding of removal and relief under the Convention Against Torture (CAT). Both the IJ and the BIA determined that Chen's testimony lacked credibility and that, even if his testimony were regarded as credible, he had failed to establish either past persecution or a well-founded fear of future persecution.

Chen devotes most of the argument in his pro se brief to an attack on the adverse credibility determinations. Because the agency's decision may be upheld without resolving the credibility issue, we do not consider it. *See Ozdemir v. INS,* 46 F.3d 6, 8 (5th Cir.1994).

On a petition for review of a BIA decision, this court reviews rulings of law de novo and factual findings for substantial evidence. *Zhu v. Gonzales,* 493 F.3d 588, 594 (5th Cir.2007). Under the substantial evidence standard, a petition for review will not be granted unless this court determines "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Zhao v. Gonzales,*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

404 F.3d 295, 306 (5th Cir.2005) (internal quotation marks and citation omitted).

The United States Attorney General and the Secretary of Homeland Security have the discretion to grant asylum to "refugees." 8 U.S.C. § 1158(b)(1)(A); *Jukic v. INS,* 40 F.3d 747, 749 (5th Cir.1994). The term "refugee" includes a person who is outside of his or her country and is unable or unwilling to return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *Efe v. Ashcroft,* 293 F.3d 899, 904 (5th Cir.2002).

Chen does not challenge the BIA's determination that he failed to establish past persecution; he has thus waived any challenge to that finding. *See Calderon–Ontiveros v. INS,* 809 F.2d 1050, 1052 (5th Cir.1986). Because his asylum claim cannot be established based on past persecution, he must demonstrate that he has a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b).

Relying on evidence that Brother Yee and Chen's friend, Tun Zhen Chen, were arrested and detained for seven months on account of their participation in a religious gathering that was not sanctioned by the government, Chen argues that he has established a well-founded fear of future persecution. He points out that the authorities also sought to arrest him for his participation in the same religious gathering. However, Chen's testimony establishes that Brother Ye and Ten Zhen Chen are now free, that they have returned to their homes, and that they continue to participate in the same unregistered religious group without interference by the police or village authorities. In view of this evidence, the record does not compel this court to conclude that the agency was incorrect in determining that Chen lacked a well-founded fear of future persecution. *See Zhao,* 404 F.3d at 306.

Further, Chen has not shown that the IJ and BIA erred in determining that he could avoid persecution by relocating within China. The BIA took notice of the State Department's 2008 International Religious Freedom Report for China. That document indicates that there is significant regional variation in the treatment of religious groups and that in some regions there is minimal government supervision of religious activity, with registered and unregistered churches existing openly and receiving similar treatment from the authorities. Chen's contention that he could not internally relocate on account of China's household registration system was not presented to the BIA and is thus unexhausted; accordingly we will not consider the issue. *See Toledo–Hernandez v. Mukasey,* 521 F.3d 332, 334 (5th Cir.2008).

In view of the foregoing, substantial evidence supports the agency's determination that Chen failed to establish an objectively reasonable, well-founded fear of future persecution. *See Zhao,* 404 F.3d at 307. Having failed to demonstrate the requisite refugee status for asylum purposes, he cannot satisfy the higher standard required for establishing eligibility for withholding of removal. *See Majd v. Gonzales,* 446 F.3d 590, 595 (5th Cir.2006).

Chen does not brief a challenge to the denial of relief under the CAT. Thus, his CAT claim has been waived. *See Thuri v. Ashcroft,* 380 F.3d 788, 793 (5th Cir.2004).

Chen's petition for review is DENIED.