# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60673
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2016

Lyle W. Cayce
Clerk

JULIO MUJICA,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A090 373 986

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Julio Mujica, a native and citizen of Mexico, seeks review of an order of the Board of Immigration Appeals (BIA) upholding the decision of the Immigration Judge (IJ) denying his application for adjustment of status under the Immigration and Nationality Act. Mujica now argues that "an applicant for adjustment of status need only prove a procedural regularity in his entry," and that he "meets the definition for admission, not because he was afforded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[temporary legal residence], but because he left the United States and was inspected" upon his return.  Mujica does not reurge the arguments that he made before the IJ and BIA.  The Government moves to dismiss Mujica's petition for lack of jurisdiction on the ground that Mujica failed to present to the BIA the arguments he now urges in this brief.  The Government argues that the issues are, therefore, unexhausted and unreviewable.  Alternatively, the Government moves for summary denial on the ground that Mujica fails to address either of the BIA's reasons for upholding the IJ's decision.  The Government asserts that Mujica's failure to brief the BIA's reasons waives any challenge to the dismissal of his appeal.  Mujica opposes the motions.

We may exercise jurisdiction over Mujica's petition for review only if he has "exhausted all administrative remedies available to [him] as of right" on these issues.  8 U.S.C. § 1252(d)(1).  "A remedy is available as of right if (1) the petitioner could have argued the claim before the BIA, and (2) the BIA has adequate mechanisms to address and remedy such a claim." *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).  That "the BIA had sufficient notice of-and opportunities to address-the issues" presented is not sufficient to give this court jurisdiction. *Id.* at 321.  An alien meets the exhaustion requirement only if he has "explicitly" raised an issue before the BIA on direct appeal, a motion to reopen, or a motion for reconsideration. *Id.* at 320-21 (discussing a motion for reconsideration); *see also Toledo-Hernandez v. Mukasey*, 521 F.3d 332, 334 (5th Cir. 2008) (addressing direct appeal or motion to reopen); *Heaven v. Gonzales*, 473 F.3d 167, 177 (5th Cir. 2006) (same).  This requirement ensures that the BIA is provided with adequate notice and opportunity to address those issues it should address, including its own legal errors, using its expertise in immigration matters. *Omari*, 562 F.3d at 321-22.

No. 15-60673

Mujica did not present the BIA with the argument he advances in this court. Thus, we lack jurisdiction to entertain his petition for review.

Mujica has also filed a motion requesting that this court remand his petition for review to the BIA in light of *Gomez v. Lynch*, 831 F.3d 652 (5th Cir. 2016) (holding that the petitioner's entry into the United States following inspection while holding temporary resident status constituted a procedurally regular admission under 8 U.S.C. § 1255(a)). Mujica could have presented his argument regarding lawful entrance while holding temporary resident status to the IJ and introduced some evidence to support it. He also could have argued it to the BIA as there was some authority supporting such an argument. *See In re Castro Valdez*, 2012 WL 3911586, at *2-3 (BIA Aug. 13, 2012). He did neither. Notably, this court cited *Castro Valdez* in its opinion in *Gomez* and specifically distinguished the arguments set forth in that case from the arguments that Mujica urged in his appeal to the BIA. *Gomez*, 2016 WL 4169123, at *8 n.16 (citing *Matter of Mujica*, 2015 WL 5173569, at *1 (BIA Aug. 28, 2015)). Because this issue is unexhausted, we lack jurisdiction to entertain it. Moreover, the BIA would have no authority to grant relief under *Gomez* given the absence of evidence to support Mujica's argument regarding his procedurally regular entry.

Accordingly, the Government's motion to dismiss is GRANTED, and the petition for review is DISMISSED for lack of jurisdiction. The Government's motion for summary denial is DENIED as moot. Mujica's motion to remand is DENIED.