# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2021

Lyle W. Cayce
Clerk

No. 20-60134
Summary Calendar

Jose Manuel Cal-Yuja,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A216 300 072

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Jose Manuel Cal-Yuja, a native and citizen of Guatemala, petitions us for review of a decision of the Board of Immigration Appeals that denied his motion to reopen. Cal-Yuja first argues that reopening is appropriate because his prior attorney was ineffective. He further asserts that the Immigration

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60134

Judge erred by not fully explaining his appeal waiver and by not providing an interpreter in his native language.

This court does not have jurisdiction to review orders based on discretionary asylum relief, including voluntary departure. 8 U.S.C. 1252(a)(2)(B)(i). However, this court does have jurisdiction over questions of law that arise from the discretionary relief order. *See Keller v. Filip*, 308 F. App'x 760, 765 (5th Cir. 2009).[1]

We are not compelled to find that Cal-Yuja has proven an ineffective assistance of counsel claim. The record indicates that Cal-Yuja wanted to abandon his claim for health and family reasons. There is no evidence that Cal-Yuja's attorney acted improperly or negligently with respect to the claim withdrawal. *See Gutierrez-Morales v. Homan*, 461 F.3d 605, 609 (5th Cir. 2006). Additionally, the alternate removal order is not prejudicial because Cal-Yuja was in custody when the voluntary departure deadline passed. He was not capable of leaving on time, and he cannot be held legally liable for not leaving on time pursuant to the grant of voluntary departure. *See Matter of Zmijewska*, 24 I. & N. Dec. 87, 94-95 (BIA 2007).

We are also not compelled to find that the Immigration Court acted improperly in this case. The record reflects that the Immigration Judge used specific language to reference an appeal waiver, and Cal-Yuja was represented by counsel. *See Kohwarien v. Holder*, 635 F.3d 174, 179 (5th Cir. 2011). The assertion that Cal-Yuja should have been provided a different interpreter is refuted by the record, which shows that he stated he spoke fluent Spanish and that he twice denied the offer of a different interpreter.

---

[1] Unpublished opinions may be considered as persuasive authority. See Ballard v. Burton, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5th Cir. R. 47.5.4).

No. 20-60134

DENIED.