# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-60182
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2023

Lyle W. Cayce
Clerk

Heydi Roxana Matias Gomez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of
the Board of Immigration Appeals
Agency No. A209 416 060

————————————————————

Before Smith, Southwick, and Douglas, *Circuit Judges.*

Per Curiam:[*]

Heydi Matias Gomez, a native and citizen of Guatemala, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing her appeal and affirming the order of the immigration judge (I.J.) denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). This court reviews the BIA's decision and considers the I.J.'s decision only to the extent that it influenced the BIA.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60182

*Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012).  The BIA's factual findings are reviewed for substantial evidence, its legal conclusions *de novo*. *Id.*  The substantial-evidence test "requires only that the BIA's decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002).  We will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Matias Gomez maintains that the death threats and threats of rape, along with the gang's extortion demands, amounted to past persecution.  The BIA, however, did not address or adopt the I.J.'s finding that Matias Gomez failed to show harm rising to the level of persecution.  Instead, the BIA denied asylum and withholding of removal because Matias Gomez's proposed social group was not cognizable and because she had failed to establish the requisite nexus to a protected ground.

Because the BIA did not rely on the I.J.'s findings on past persecution in denying relief, and because the BIA's dispositive findings related to cognizability, as discussed below, are not challenged by Matias Gomez, we need not consider her contentions related to past persecution.  *See Rui Yang v. Holder*, 664 F.3d 580, 584 n.3 (5th Cir. 2011).[1]

Before the I.J., Matias Gomez defined her proposed social group as "persons in professions or positions susceptible to extortion."  The BIA agreed with the I.J. that this proposed social group was not cognizable be-

---

[1] Matias Gomez also challenges the BIA's determination that she failed to show the requisite nexus between the harm she suffered and feared in Guatemala and a protected ground.  Because the cognizability issue is dispositive, however, we likewise need not consider her arguments regarding nexus. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

cause it lacked particularity and social distinction.

In her petition for review, Matias Gomez does not address the cognizability of the proposed social group that she advanced before the I.J. and the BIA. Instead, she avers that she is a member of the political social group of "Guatemala business owners and also that the gang members imputed an anti-gang political opinion to her after she resisted their extortion demands; she posits that the BIA erred in failing to consider whether she was persecuted based on this statutorily protected ground.

Generally, the BIA will not consider an argument that could have been, but was not, raised before the I.J. *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 190 (BIA 2018). Though Matias Gomez raised the issue of imputed political opinion before the BIA, she did not press it before the I.J. Therefore, the BIA was under no obligation to consider this new theory on appeal. *See id*.

This court is without jurisdiction to consider the issue of imputed political opinion because it was not considered by the BIA and is unexhausted. *See Toledo–Hernandez v. Mukasey*, 521 F.3d 332, 334 (5th Cir. 2008). Further, because Matias Gomez does not challenge the BIA's rejection—as not cognizable—of her proposed social group of persons in professions or positions susceptible to extortion, she has abandoned the issue before this court. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Finally, Matias Gomez claims that the BIA erred in denying her claim for CAT protection because it is more likely than not that she would be tortured by the gang members who threatened her if she were returned to Guatemala. Matias Gomez did not "fairly present" any substantive challenges to the I.J.'s denial of CAT relief before the BIA. *See Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009). Therefore, she has failed to exhaust her administrative remedies, and this court lacks jurisdiction to consider her arguments

No. 22-60182

regarding the denial of such relief. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

The petition for review is DISMISSED in part and DENIED in part.