# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-60172
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2023

Lyle W. Cayce
Clerk

Yefry Ricardo Reyes-Soriano,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A202 029 104

_____

Before Willett, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Yefry Ricardo Reyes-Soriano, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the immigration judge's (IJ's) denial of withholding of removal and protection under the Convention Against Torture (CAT).

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60172

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence, and its legal conclusions are reviewed de novo. *Id.* at 517. The substantial evidence test "requires only that the BIA's decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). This court will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Chen v. Gonzalez*, 470 F.3d 1131, 1134 (5th Cir. 2006). "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

Reyes-Soriano argues that the BIA erred in failing to consider whether he was entitled to withholding of removal based on an imputed anti-gang political opinion. As the Government points out, the BIA declined to consider whether Reyes-Soriano was entitled to relief based on his imputed political opinion because he failed to raise this protected ground before the IJ. The issue is therefore not properly before this court because the BIA did not address it. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 440 n.13 (5th Cir. 2020); *see also Toledo–Hernandez v. Mukasey*, 521 F.3d 332, 334 (5th Cir. 2008).

The Government also argues that Reyes-Soriano has abandoned any challenge to the BIA's dispositive finding regarding cognizability of his proposed social group by failing to adequately raise it in his counseled brief. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Rather than address the BIA's finding that his proposed social group was impermissibly circular or distinguish the precedent from this court rejecting proposed social groups consisting of informants or witnesses to crimes as not cognizable, Reyes-Soriano argues that the gang members in Honduras imputed an anti-gang political opinion to him after he filed a police report. As discussed, the

BIA declined to consider whether Reyes-Soriano was entitled to relief based on his imputed political opinion because he did not raise this protected ground before the IJ, and the issue is thus not properly before this court. Because the BIA's unchallenged cognizability finding is sufficient to dispose of Reyes-Soriano's claim for withholding of removal, we deny the petition on that ground and need not address his other arguments related to the denial of such relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Reyes-Soriano also contends that the BIA erred in adopting the IJ's denial of CAT relief. According to Reyes-Soriano, his credible testimony about being shot by suspected gang members after filing a police report, along with the country conditions evidence showing that Hondurans who cooperate with law enforcement are often targeted by gangs, establishes that it is more likely than not that he would be tortured if removed to Honduras.

Reyes-Soriano's "[g]eneralized country evidence tells us little about the likelihood state actors will torture any particular person," including him. *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019). And to the extent that the Honduran government cannot protect Reyes-Soriano from the gang violence he fears, "a government's inability to protect its citizens does not amount to acquiescence." *Id.*; *see Chen*, 470 F.3d at 1142 (explaining that "[t]he government's inability to provide 'complete security' to the petitioner from [private actors] did not rise to the level of state action" required under the CAT). Accordingly, the BIA reasonably found that Reyes-Soriano was not entitled to CAT protection because he had failed to show that it was more likely than not that the Honduran government would consent to or acquiesce in his torture. *See Mwembie v. Gonzales*, 443 F.3d 405, 415 (5th Cir. 2006); *see also* 8 C.F.R. § 208.18(a)(1).

The petition for review is DENIED.

3